UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CASTLE EQUIPMENT COMPANY,<br>Plaintiff,<br><br>vs.<br><br>UNITED STATES FIRE INSURANCE COMPANY,<br>Defendant. | : | CA 07- 98 S<br>C.A. No. 07- |

## ANSWER

Defendant, United States Fire Insurance Company ("U.S. Fire"), by and through its attorneys, Orson and Brusini, Ltd., by way of Answer to the Complaint of Castle Equipment Company ("Plaintiff") alleges and says:

## PARTIES

1. U.S. Fire is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 1 of the Complaint, and therefore leaves Plaintiff to its proof.

2. U.S. Fire admits only that it is a corporation organized and existing by virtue of the laws of the State of Delaware. U.S. Fire denies the remaining allegations set forth in Paragraph 2 of the Complaint and states that its principal place of business is located in Morristown, New Jersey.

## JURISDICTION

3. The allegations of Paragraph 3 of the Complaint state a legal conclusion to which no response is required. To the extent that Paragraph 3 of the Complaint alleges any factual allegations, U.S. Fire has insufficient information or knowledge to admit or deny the allegations contained in Paragraph 3 of the Complaint, and therefore leaves Plaintiff to its proof.

**VENUE**

4. The allegations of Paragraph 4 of the Complaint state a legal conclusion to which no response is required. To the extent that Paragraph 4 of the Complaint alleges any factual allegations, U.S. Fire has insufficient information or knowledge to admit or deny the allegations contained in Paragraph 4 of the Complaint, and therefore leaves Plaintiff to its proof.

**COUNT ONE**
**(Payment Bond - Contract)**

5. U.S. Fire admits only that South Shore Utility Contractors, Inc. ("South Shore") entered into a contract with the Town of Burrillville for a project known as "Glendale Village Sanitary Sewers and Appurtenant Work, Contract 19A-2" (the "Project"). U.S. Fire is without sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 5 of the Complaint, and therefore leaves Plaintiff to its proof.

6. U.S. Fire admits only that it, as surety, issued a Performance Bond on behalf of South Shore, as principal, in connection with the Project. U.S. Fire denies the remaining allegations set forth in Paragraph 6 of the Complaint.

7. U.S. Fire is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 7 of the Complaint, and therefore leaves Plaintiff to its proof.

8. U.S. Fire is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 8 of the Complaint, and therefore leaves Plaintiff to its proof.

9. U.S. Fire is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 9 of the Complaint, and therefore leaves Plaintiff to its proof.

10. U.S. Fire is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 10 of the Complaint, and therefore leaves Plaintiff to its proof.

11. U.S. Fire admits only that it has received a claim for payment from Plaintiff. U.S. Fire is without sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 11 of the Complaint, and therefore leaves Plaintiff to its proof.

12. U.S. Fire is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 12 of the Complaint, and therefore leaves Plaintiff to its proof.

13. U.S. Fire is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 13 of the Complaint, and therefore leaves Plaintiff to its proof.

**WHEREFORE**, U.S. Fire prays that judgment be entered in its favor dismissing all of Plaintiff's claims, awarding U.S. Fire its attorneys' fees and costs in defending this action, and awarding U.S. Fire such other relief as this Court deems just and proper.

**COUNT TWO**
**(Payment Bond – Quantum Meruit)**

14. U.S. Fire repeats and realleges each and every response to the allegations contained in Paragraphs 1 through 13 of the Complaint with the same force and effect as if set forth therein.

15. U.S. Fire is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 15 of the Complaint, and therefore leaves Plaintiff to its proof.

16. U.S. Fire is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 16 of the Complaint, and therefore leaves Plaintiff to its proof.

17. U.S. Fire admits only that it has received a claim for payment from Plaintiff. U.S. Fire is without sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 17 of the Complaint, and therefore leaves Plaintiff to its proof.

18. U.S. Fire is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 18 of the Complaint, and therefore leaves Plaintiff to its proof.

**WHEREFORE**, U.S. Fire prays that judgment be entered in its favor dismissing all of Plaintiff's claims, awarding U.S. Fire its attorneys' fees and costs in defending this action, and awarding U.S. Fire such other relief as this Court deems just and proper.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim against U.S. Fire upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

U.S. Fire's liability, if any, is limited to the penal sum of its bond, and to the extent that any other entity is entitled to the proceeds of those bonds, Plaintiff's entitlement, if any, is limited to its proportional share.

**THIRD AFFIRMATIVE DEFENSE**

The debt alleged by Plaintiff is subject to the defenses of the bond principal and U.S. Fire incorporates each one of those defenses by reference and is entitled to the benefit of same as a defense barring or limiting any action against any bond issued by U.S. Fire.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claim must be dismissed against U.S. Fire because Plaintiff is not a proper claimant under any bond issued by U.S. Fire.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claim against U.S. Fire is barred and limited by the failure of Plaintiff to comply with statutory and/or contractual conditions precedent to bringing this action.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claim must be dismissed against U.S. Fire because Plaintiff is estopped by its conduct from bringing this action.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim must be dismissed against U.S. Fire by reason of waiver.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claim must be dismissed against U.S. Fire because Plaintiff failed to mitigate its damages.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claim against U.S. Fire is barred by the applicable statute of limitations.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim must be dismissed against U.S. Fire by reason of accord and satisfaction.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim must be dismissed against U.S. Fire because Plaintiff is controlled by the same individual who controls the bond principal.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claim must be dismissed against U.S. Fire by reason of release and/or assignment.

## THIRTEENTH AFFIRMATIVE DEFENSE

U.S. Fire asserts the defense of setoff.

## RESERVATION OF RIGHTS

U.S. Fire reserves its right to amend its Answer to the Complaint to assert additional Affirmative Defenses upon the completion of investigation and discovery herein.

**Defendant demands trial by jury as to all issues so triable.**

UNITED STATES FIRE INSURANCE
COMPANY,
Defendant,
By its Attorneys,

Stephen J. Brouillard, Esq. # 6284
Orson and Brusini Ltd.
325 Angell Street
Providence, RI 02906
Tel.: (401) 223-2100
Fax: (401) 861-3103
Email: sbrouillard@orsonandbrusini.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2007, this document has been served by first class mail, postage prepaid, on the following individuals:

Michael J. Lepizzera, Jr., Esq.
Lepizzera & Laprocina
301 Metro Center Blvd., Suite 102
Warwick, RI 02886