UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CASTLE EQUIPMENT COMPANY<br>Plaintiff, | : | |
| vs. | : | C.A. 07 cv 10686 WGY |
| UNITED STATES FIRE INSURANCE COMPANY<br>Defendant. | : | |

**DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

**GENERAL STATEMENTS**

1. Without waiving the objections set forth herein and subject to the limitations stated herein, Defendant, United States Fire Insurance Company ("U.S. Fire"), has provided information it believes is responsive and the subject of legitimate discovery that has been uncovered by reasonable investigation.

2. The responses are made without in any way waiving or intending to waive, but on the contrary intending to preserve and preserving the right to raise all questions of authenticity, relevancy, materiality, privilege, admissibility or any other objections as to evidence offered for any purpose in any proceeding, hearing or trial of this or any other action.

3. U.S. Fire has not yet completed its investigation of all the facts relating to this action and is continuing to collect and review information and documents and may provide additional information. As such, U.S. Fire reserves the right to amend and/or supplement these responses as well as produce additional information if and when additional facts or documents are discovered. Additionally, because these responses are based on facts and documents that have been identified to date, it does not preclude U.S. Fire from later relying on facts or documents discovered pursuant to subsequent investigation or discovery.

4. Specific objections to interrogatories are made in each response. In addition to those specific objections U.S. Fire generally objects to the interrogatories for the reasons stated below. U.S. Fire incorporates the General Objections below into each response whether or not explicitly referenced.

**GENERAL OBJECTIONS**

1. U.S. Fire objects to the Interrogatories to the extent that they exceed the scope permitted under, or seek to impose obligations upon U.S. Fire in excess of those required or contemplated by Federal Rule of Civil Procedure 33.

2. U.S. Fire objects to the Interrogatories to the extent they seek production of information protected from disclosure by the attorney-client privilege, work product privilege, or any other privilege or immunity.

3. U.S. Fire objects to the Interrogatories to the extent that they pertain to matters not reasonably calculated to lead to the discovery of admissible evidence.

4. U.S. Fire objects to the Interrogatories to the extent they seek information equally, more readily or exclusively available to Plaintiff or not within the possession, custody or control of U.S. Fire.

5. U.S. Fire reserves the right to amend or supplement these responses as and when additional relevant information becomes available.

6. U.S. Fire submits these objections and responses without conceding the relevancy, materiality or admissibility of any request or response thereto.

7. U.S. Fire objects to each of these Interrogatories insofar as it seeks information protected from disclosure on the grounds that the information sought is confidential or proprietary business information of U.S. Fire.

8. U.S. Fire objects to each of these Interrogatories insofar as it seeks information which requires U.S. Fire to speculate about or provide information not in its possession, custody or control.

9. U.S. Fire objects to each of these Interrogatories to the extent they are overly broad and unduly burdensome as to render them impossible to respond in any reasonable manner or amount of time.

10. U.S. Fire objects to each of these Interrogatories to the extent they seek information for an unreasonable or irrelevant period of time.

11. U.S. Fire objects to each of these Interrogatories to the extent they request U.S. Fire to provide information or perform analyses or compilations beyond the duties imposed by the Federal Rules of Civil Procedure.

12. U.S. Fire incorporates by reference, as if fully set forth below in each individual response, the General Objections to Plaintiff's Interrogatories.

13. Each response is given subject to the General Objections. All such objections and grounds therefore are reserved and may be interposed at the time of trial. Asserting a specific objection in response to any discovery request does not waive U.S. Fire's right to assert any applicable general objection thereto. These responses are made solely for purposes of, and in relation to, this action.

<u>**Interrogatory No. 1**</u>: Please state name, address and title of the person answering these interrogatories.

<u>**Answer**</u>: Michael Belinski
Bond Claim Consultant
United States Fire Insurance Company
305 Madison Avenue
Morristown, New Jersey 07960

<u>**Interrogatory No. 2**</u>: Identify all persons whom you know, or have reason to believe, have knowledge of facts relevant to the relationship between South Shore and Castle. As to each such person, set forth in detail the facts to which you believe that person has knowledge and the nature or basis of his/her knowledge.

<u>**Answer**</u>: Objection. The question is improper and U.S. Fire objects on the ground that it is overbroad and unduly burdensome to the extent that it requests that U.S. Fire identify <u>all</u> persons with knowledge of the relevant facts relating to the relationship between South Shore and Castle. In addition, U.S. Fire objects on the ground that the information requested is within the possession, custody and control of representatives of Castle and, in particular, Anthony Rosciti Jr. U.S. Fire has served Castle with written interrogatories and requests for the production of documents regarding the relationship between South Shore and Castle and Castle has failed to adequately respond. U.S. Fire is continuing to take discovery and investigate this matter and reserves the right to supplement and amend any and all responses herein as additional facts are ascertained. Subject to and without waiving these objections or the General Objections, individuals who may have some knowledge of the facts relevant to this relationship between South Shore and Castle include: Anthony Rosciti, Jr., Henry Rosciti, Jr., Anthony Rosciti, Sr., Henry Rosciti, Sr., current and former employees of South Shore Utility Contractors, Inc., current and former employees of Castle Equipment Company, and all persons and entities identified throughout discovery in this matter.

<u>**Interrogatory No. 3**</u>: Identify all persons whom you know, or have reason to believe, have knowledge of facts relevant to the financials, ownership, corporate structure, directors and officers of Castle and/or South Shore. As to each such person set forth in detail the facts to which you believe that person has knowledge and the nature or basis of his/her knowledge.

<u>**Answer**</u>: See U.S. Fire's response to Interrogatory #2. U.S. Fire is continuing to take discovery and investigate this matter and reserves the right to supplement and amend any and all responses herein as additional facts are ascertained.

<u>**Interrogatory No. 4**</u>: Please state the basis for your denial of Plaintiff's Payment Bond claim on the New Bedford Project.

<u>**Answer**</u>: Objection. U.S. Fire objects to the extent that this question seeks information protected by the attorney-client, work product, joint defense or common interest privilege, as well as documents that are or contain confidential, proprietary, or sensitive information. Subject to and without waiving these objections or the General Objections, by letter dated December 22,

2006, U.S. Fire set forth the basis for the denial of the claims asserted by Castle. A copy the December 22, 2006, letter is attached. U.S. Fire is continuing to take discovery and investigate this matter and reserves the right to supplement and amend any and all responses herein as additional facts are ascertained.

**Interrogatory No. 5**: Please set forth in detail each and every fact that supports your denial of Plaintiff's Payment Bond claim on the New Bedford Project.

**Answer**: Objection. The question is improper and U.S. Fire objects upon the ground that it is overbroad and unduly burdensome to the extent that it requests U.S. Fire to identify, at this juncture, each and every fact that supports U.S. Fire's denial of Castle's claims. In addition, U.S. Fire objects on the ground that it has served Castle with written interrogatories and requests for the production of documents regarding the relationship between South Shore and Castle and Castle has failed to adequately respond. U.S. Fire is continuing to take discovery and investigate this matter and reserves the right to supplement and amend any and all responses herein as additional facts are ascertained. Subject to and without waiving these objections or the General Objections, by letter dated December 22, 2006, U.S. Fire set forth the basis for the denial of the claims asserted by Castle. Based on the information available at this time, including the Proof of Claim form executed and submitted on behalf of Castle, Castle's discovery responses in this matter, as well as information regarding the ownership breakdown and organizational structure of Castle, it appears that Castle is majority-owned and controlled by the same individual who owns and controls South Shore, the principal on the subject payment bond.

**Interrogatory No. 6**: If you assert that Plaintiff is not a proper claimant under the Payment Bond on the New Bedford Project please state the basis for y our assertion.

**Answer**: See U.S. Fire's response to Interrogatory #4 and #5. U.S. Fire is continuing to take discovery and investigate this matter and reserves the right to supplement and amend any and all responses herein as additional facts are ascertained.

**Interrogatory No. 7**: Please state the basis for each and every one of your Affirmative Defenses as set forth in your Answer to Plaintiff's Complaint.

**Answer**: Objection. The question is improper and U.S. Fire objects upon the ground that it is overbroad and unduly burdensome to the extent that it requests U.S. Fire to identify, at this juncture, the basis for each and every one of U.S. Fire's Affirmative Defenses. In addition, U.S. Fire objects on the ground that U.S. Fire has served Castle with written interrogatories and requests for the production of documents regarding the relationship between South Shore and Castle and Castle has failed to adequately respond. U.S. Fire has also reviewed all of the records in the custody of the court-appointed Receiver of South Shore and is in the process of serving a subpoena on Anthony Rosciti, Jr., in an attempt to obtain relevant information and documentation. As a result, U.S. Fire has been unable to examine all of the pertinent records regarding this matter, and U.S. Fire accordingly reserves the right to supplement and amend any and all responses herein as additional facts are ascertained. Subject to and without waiving these objections or the General Objections, please see U.S. Fire's response to Interrogatory # 4 and # 5 for the basis for U.S. Fire's First, Third, Fourth, Fifth, Sixth and Eleventh Affirmative Defenses.

U.S. Fire hereby withdraws its Second Affirmative Defense. With respect to the remaining Affirmative Defenses, U.S. Fire is continuing to take discovery and investigate this matter and reserves the right to supplement and amend this response as additional facts are ascertained.

**Interrogatory No. 8**: Please set forth in detail each and every Payment Bond claim that you have received on the New Bedford Project, including in your answer, (i) the identity of the claimant, (ii) the amount of the claim, (iii) the date the claim was made, (iv) the amount you paid to the claimant, and (v) if the case is pending in court the identity of the court and docket number of the case.

**Answer**: Objection. This question is improper and U.S. Fire objects upon that ground that it requests information that is irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory No. 9**: Please identify any and all indemnity agreements arising out of the New Bedford Project in which you are identified as the indemnitee.

**Answer**: On or about June 21, 2004, in consideration for and in order to induce U.S. Fire to issue bonds on behalf of South Shore Utility Contractors, Inc., Anthony Rosciti, Jr., individually and on behalf of South Shore and AHR Utility Corp., and Henry Rosciti, Jr. executed a certain General Agreement of Indemnity in favor of U.S. Fire, as indemnitee. A copy of the Indemnity Agreement is attached.

**Interrogatory No. 10**: Identify each expert witness you intend to call as a witness at trial and for each state (i) the subject matter of the testimony; (ii) the substance of the expert's facts and opinion; and (iii) a summary of the grounds for each such opinion.

**Answer**: Subject to and without waiving any objections or the General Objections, none at this time as U.S. Fire is continuing to take discovery and investigate this matter. U.S. Fire reserves the right to supplement or amend this response in accordance with the Federal Rules of Civil Procedure and applicable local rules.

Signed under the pains and penalty of perjury.

UNITED STATES FIRE INSURANCE COMPANY

By: Michael Belinski
Michael Belinski, Bond Claim Consultant

Signed pursuant to Fed. Civ. P. 33,

Stephen J. Brouillard, Esq. (BBO No. 649447)
Orson and Brusini Ltd.
325 Angell Street
Providence, RI 02906
(401) 223-2100
(401) 861-3103 fax

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2007, I caused a copy of the within document to be served by first class mail, postage prepaid, upon the following individuals:

Scott DeMello, Esq.
Lepizzera & Laprocina
301 Metro Center Blvd., Suite 102
Warwick, RI 02886

Crum&Forster
A FAIRFAX Company

United States Fire Insurance Company
The North River Insurance Company

PO Box 1973
Morristown, NJ 07960

973 490-6081
michael_belinski@cfins.com

December 22, 2006

VIA FACSIMILE (401) 490-8096 and MAIL
Castle Equipment & Supply, Inc.
P.O. Box 19428
Johnston, RI 02919

Attn: Anthony Rosciti, Jr.

RE: Principal: South Shore Utility Contractors, Inc.

Obligee: Town of Burrillville
Project: Glendale Village Sanitary Sewers
Bond No.: 610-2466659

Obligee: City of New Bedford
Project: Earle Street Sewer Separation
Bond No.: 6102446391

Dear Mr. Rosciti:

I am a Bond Claims Consultant for United States Fire Insurance Company ("U.S. Fire") in connection with the above-referenced matters. The purpose of this letter is to advise you that U.S. Fire must deny the claim asserted by Castle Equipment & Supply, Inc. ("Castle") under the above-referenced bonds.

Based on the information in U.S. Fire's possession, including the Proof of Claim forms executed and submitted on behalf of Castle, as well as information regarding the ownership breakdown and organizational structure of Castle, it appears that Castle is majority-owned and controlled by the same individual who owns and controls South Shore, the principal of the above-referenced bonds. Therefore, based on the common ownership and control of Castle and South Shore, U.S. Fire denies the claims asserted by Castle under the above-referenced bonds.

Please be further advised that U.S. Fire continues to reserve all rights and defenses. Nothing herein shall be deemed an estoppel, waiver or a modification of any of U.S. Fire's rights or defenses under any contracts, agreements, bonds or the applicable law.

Sincerely,

Michael T. Belinski, Esq.
Bond Claims Consultant

cc: Christopher E. Kunkel, Esq.
James F. Bruno