**United States District Court**
**for the District of Rhode Island**

Castle Equipment Company,
Plaintiff

v.

Civil Action No. 07-98S
(Consolidated)

United States Fire Insurance Company,
Defendant/Third Party Plaintiff

v.

Anthony F. Rosciti, Jr.,
Third Party Defendant

**AFFIDAVIT OF ANTHONY ROSCITI, JR. IN SUPPORT OF CASTLE EQUIPMENT COMPANY'S OPPOSITION TO U.S. FIRE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF CASTLE EQUIPMENT COMPANY'S CROSS MOTION FOR SUMMARY JUDGMENT**

I, Anthony Rosciti, Jr., under oath, do depose and state that:

1. Castle Equipment Company is a Rhode Island corporation started in 2004 by Daniel Clifford, who I am not related to, and me.

2. I own 70% of the company and Daniel Clifford owns 30% of the company.

3. I am Castle's President and Treasurer

4. Daniel Clifford is Castle's Vice President and Secretary.

5. I am also a 50% owner of South Shore Utility Contractors, Inc.

6. South Shore is a Rhode Island corporation, in which my cousin Henry Rosciti and I are 50/50 shareholders and Henry Rosciti and I are the only officers.

7. South Shore performed utility contracting work in the New England area.

8. The City of New Bedford as the Owner entered into a contract with South Shore Utility Company, Inc. as the general contractor for sewer line work.

9. The New Bedford Project is also referred to as the Earle Street sewer Project.

10. The gross amount of the contract between New Bedford and South Shore exceeded three million ($3,000,000.00) dollars.

11. On or about January 1, 2005 U.S. Fire, pursuant to M.G.L. c. 149, section 29, issued Payment Bond #6102446391 to the City of New Bedford. A copy of which is attached hereto as Exhibit "A".

12. The Payment Bond was in the amount of Three Million Three Hundred Sixty Two Thousand Five Hundred Eighty and 96/100 ($3,362,580.96) dollars.

13. The work covered by the Payment Bond was Project #CWSRF1726, Earle Street Sewer Separation. Bid #530.

14. The Payment Bond was signed by Beryl A. Finn, attorney in fact for U.S. Fire and me as President of South Shore.

15. The Payment Bond was security to ensure the payment by South Shore of its subcontractors on the Project.

16. The Town of Burrillville as owner also entered into a contract with South Shore Utility Contractors, Inc. as general contractor for sewer line work.

17. The Burrillville Project is also referred to as the Glendale Village Project.

18. The gross amount of the contract between Burrillville and South Shore exceeded two million ($2,000,000.00) dollars.

19. On or about March 1, 2005 U.S. Fire, pursuant to R.I.G.L. c 37-13-14 and 37-12-1, et seq., issued Labor and Materials Bond #6102466659 to the Town of Burrillville, acting through its Board of Sewer Commissioners in the principal amount of two million twenty six thousand three hundred fifty two dollars and 50/100 ($2,026,352.50). A copy of which is attached hereto as Exhibit "B".

20. The work covered by the Payment Bond was for the Glendale Village Sanitary Sewers and Appurtenant Work, Contract No. 19A-2.

21. The Payment Bond was signed by Beryl A. Finn, Attorney in Fact for U.S. Fire and me on behalf of South Shore.

22. The Payment Bond was security to ensure the payment by South Shore of its subcontractors on the project.

23. During the course of both projects South Shore found itself in financial difficulty.

24. The financial difficulty primarily arose out of a project located in Connecticut in which South Shore was owed approximately $1,400,000.00.

25. Because it had not received payment on the Connecticut project, South Shore began to not meet its financial obligations on the New Bedford and Burrillville Projects.

26. As a result of its financial difficulty South Shore also did not make payments to numerous other contractors who were owed a substantial amount of money on both projects.

27. South Shore, unable to meet its financial obligations, filed for receivership in early 2006.

28. At the time South Shore filed for receivership Castle was owed $233,396.38 on the New Bedford Project and $97,905.00 on the Burrillville Project based upon the fair market rates for the equipment that was rented. Copies of Castle's Invoices for the New Bedford project are attached as Exhibit "C" and copies of Castle's Invoices for the Burrillville project are attached as Exhibit "D".

29. Castle is a separate and independent entity from South Shore and me; it files its own tax returns and it files annual reports with the Rhode Island Secretary of State's office.

30. Castle filed a Proof of Claim on both projects seeking payment of the outstanding balances.

31. U.S. Fire has denied Castle's claims.

32. As a result of South Shore's financial difficulty there were several subcontractors that were owed a substantial amount of money for work performed on the New Bedford and Burrillville projects.

33. I always intended on having South Shore pay Castle for the equipment that was rented and its other subcontractors, however, because of the financial situation of the company I had to place South Shore into receivership before the payments could be made.

34. It is my understanding that Castle could not be singled out and paid, while other creditors were not paid, as this would be considered a preferential payment.

35. It is my understanding that U.S. Fire has paid out well over $350,000.00 in various payment bond claims arising out of the two projects and it is seeking reimbursement from me pursuant to an indemnify agreement for over two million and no/100 ($2,000.000.00) dollars as a result of South Shore's receivership.

36. Castle originally brought two separate state court actions seeking payment pursuant to the two Payment Bonds issued by U.S. Fire

37. U.S. Fire has removed those two cases and both cases have been consolidated in the United States District Court for the State of Rhode Island.

Signed under the pains and penalties of perjury this _____ day of July 2008.

Anthony Rosciti, Jr.