**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| Castle Equipment Company,<br>Plaintiff<br><br>v.<br><br>United States Fire Insurance Company,<br>Defendant/Third Party Plaintiff<br><br>v.<br><br>Anthony F. Rosciti, Jr.,<br>Third Party Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 07-98-S-DLM<br>(Consolidated with 08-96S) |

**Plaintiff, Castle Equipment Company's, Motion to Strike United States Fire Insurance Company's Defenses Asserted in its Opposition to Castle Equipment Company's Cross-Motion for Summary Judgment**

This Memorandum is provided in support of Castle Equipment Company's Motion to Strike United States Fire Insurance Company's Defenses Asserted in its Opposition to Castle Equipment Company's Cross-Motion for Summary Judgment.

## Background

This matter arises out of two construction projects, the Earle Street Sewer Project located in New Bedford, Massachusetts and the Glendale Village Project located in Burrillville, Rhode Island. Castle Equipment Company ("Castle") rented and sold equipment to South Shore Utility Contractors, Inc. ("South Shore") for use on the two Projects. Defendant, United States Fire Insurance Company, issued payment bonds on both Projects.

Initially, Castle filed suite on the New Bedford Project in Massachusetts state court and on the Burrillville Project in Rhode Island state court seeking payment under the payment bonds that

US Fire issued. US Fire removed both cases, the New Bedford Project to the United States District Court for Massachusetts and the Burrillville Project to the United States District Court for Rhode Island. Subsequently the Massachusetts District Court matter was transferred to the Rhode Island District Court and the two cases were consolidated.

During the course of those cases both sides engaged in discovery. US Fire propounded interrogatories and requests for production of documents to Castle and it took several depositions. Castle propounded interrogatories and requests for production of documents to US Fire. Following the close of discovery US Fire moved for summary judgment asserting that it was entitled to judgment as a matter of law on both cases because Castle is not a proper claimant on either payment bond because of the common ownership by Anthony Rosciti in Castle and South Shore.

Castle filed a Cross-Motion for Summary Judgment seeking judgment as a matter of law on its claims under the two payment bonds. US Fire has opposed Castle's Cross-Motion for Summary Judgment on the grounds that there remain genuine issues of material fact as to whether (1) Castle mitigated its damages and (2) Castle can prove that the equipment it rented to South Shore was used on the Earle Street Sewer Project.[1]

[1] The second defense US Fire asserted only applies to the New Bedford Project. South Shore Utility Contractors, Inc. was performing two different projects in New Bedford, Massachusetts: the Earle Street Sewer Project and the West End Project. Castle has asserted that the equipment supplied was used on the Earle Street Project. US Fire asserts that there remains a genuine issue of material fact as to whether the equipment was used on the Earle Street project or the West End project.

## Argument

**US Fire's defenses should be stricken because it failed to properly identify the grounds for these defenses in its response to Castle's discovery requests.**

On or about April 16, 2007, Castle, through its counsel, propounded interrogatories and requests for production of documents on US Fire for the New Bedford Project. These discovery requests were made prior to the Rhode Island and Massachusetts cases being consolidated. Interrogatory No: 4 asked the following:

> Please state the basis for your denial of Plaintiff's Payment Bond claim on the New Bedford Project.

Interrogatory No: 5 asked the following:

> Please set forth in detail each and every fact that supports your denial of Plaintiff's Payment Bond claim on the New Bedford Project.

Interrogatory No: 7 asked the following:

> Please state the basis for each and every one of your Affirmative Defenses as set forth in your Answer to Plaintiff's Complaint.

On or about October 15, 2007 US Fire answered Castle's interrogatories. See Exhibit "A" attached hereto. For Interrogatory No: 4 US Fire provided the following:

> Objection. U.S. Fire objects to the extent that this question seeks information protected by the attorney-client, work product, joint defense or common interest privilege, as well as documents that are or contain confidential, proprietary, or sensitive information. Subject to and without waiving these objections or the General Objections, by letter dated December 22, 2006, U.S. Fire set forth the basis for the denial of the claims asserted by Castle. A copy of the December 22, 2006, letter is attached. U.S. Fire is continuing to take discovery and investigate this matter and reserves the right to supplement and amend any and all responses herein as additional facts are ascertained.

US Fire provided the following answer to Interrogatory No: 5:

> Objection. The question is improper and U.S. Fire objects upon the grounds that it is overbroad and unduly burdensome to the extent that it requests U.S. Fire to identify, at

> this juncture, each and every fact that supports U.S. Fire's denial of Castle's claims. In addition, U.S. Fire objects on the ground that it has served Castle with written interrogatories and requests for the production of documents regarding the relationship between South Shore and Castle and Castle has failed to adequately respond. U.S. Fire is continuing to take discovery and investigate this matter and reserves the right to supplement and amend any and all responses herein as additional facts are ascertained. Subject to and without waiving these objections or the General Objections, by letter dated December 22, 2006, U.S. Fire set forth the basis for the denial of the claims asserted by Castle. Based on the information available at this time, including the Proof of Claim form executed and submitted on behalf of Castle, Castle's discovery responses in this matter, as well as information regarding the ownership breakdown and organizational structure of Castle, it appears that Castle is majority-owned and controlled by the same individual who owns and controls South Shore, the principal on the subject payment bond.

US Fire provided the following answer to Interrogatory No: 7:

> The question is improper and U.S. Fire objects upon the grounds that it is overbroad and unduly burdensome to the extent that it requests U.S. Fire to identify, at this juncture, the basis for each and every one of U.S. Fire's Affirmative Defenses. In addition, U.S. Fire objects on the ground that U.S. Fire has served Castle with written interrogatories and requests for the production of documents regarding the relationship between South Shore and Castle and Castle has failed to adequately respond. U.S. Fire has also reviewed all of the records in the custody of the court-appointed Receiver of South Shore and is in the process of serving a subpoena on Anthony Rosciti, Jr., in an attempt to obtain relevant information and documentation. As a result, U.S. Fire has been unable to examine all of the pertinent records regarding this matter, and U.S. Fire accordingly reserves the right to supplement and amend any and all responses herein as additional facts are ascertained. Subject to and without waiving these objections or the General Objections, please see U.S. Fire's response to Interrogatory #4 and #5 for the basis for U.S. Fire's First, Third, Fourth, Fifth, Sixth and Eleventh Affirmative Defenses. U.S. Fire hereby withdraws its Second Affirmative Defense. With respect to the remaining Affirmative Defenses, U.S. Fire is continuing to take discovery and investigate this matter and reserves the right to supplement and amend this response as additional facts are ascertained.

In the Rhode Island case, on or about February 11, 2008, Castle propounded interrogatories to US Fire. Interrogatories no. 4, 5 and 7 were the same as in the Massachusetts case except they were directed towards the Burrillville Project. US Fire never answered the Rhode Island interrogatories.

US Fire has asserted two defenses to Castle's Cross-Motion for Summary Judgment. US Fire claims that there remain genuine issues of material fact as to whether (1) Castle failed to mitigate its damages and (2) Castle can prove that the equipment it rented and/or sold to South Shore was used on the Earle Street Project in New Bedford as opposed to the West End Project in New Bedford. The first time these defenses were raised in any detail is in US Fire's Opposition to Castle's Cross-Motion for Summary Judgment. Although US Fire raised Castle's failure to mitigate as an affirmative defense it did so only in its two Answers and it did not provide any facts supporting the defense.

The United States Supreme Court in *Hickman v. Taylor* described the purposes of discovery in a civil action:

> The various instruments of discovery now serve (1) as a device, along with the pre-trial hearing under Rule 16, to **narrow and clarify the basic issues between the parties**, and (2) as a device for **ascertaining the facts, or information as to the existence or whereabouts of facts, relative to those issues**. Thus civil trials in the federal courts **no longer need be carried on in the dark**. The way is now clear, consistent with recognized privileges, f**or the parties to obtain the fullest possible knowledge of the issues and facts before trial**. [Emphasis added] *Hickman v. Taylor*, 329 US 495, 501, 67 S.Ct. 385, 388-389 (1947).

In this action Castle attempted to ascertain all of the grounds that US Fire was relying upon for its denial of Castle's payment bond claims. To that end Castle propounded interrogatories to US Fire seeking the basis for its denial of Castle's claims, the identity of all facts supporting its denial of Castle's claims and the identity of all facts supporting its affirmative defenses.

Although US Fire was served with interrogatories in both the Rhode Island and Massachusetts cases it only answered the Massachusetts interrogatories. Those answers do not in any way

assert the defenses raised by US Fire in its Opposition to Castle's Cross-Motion for Summary Judgment. US Fire relied solely upon its claim that Castle was not a proper claimant under the payment bonds because of the control exerted by Anthony Rosciti due to his common ownership of both Castle and South Shore.

In fact, in its answers to interrogatories # 4 and # 5, US Fire states that it set forth the basis for its denial of Castle's claims in a letter dated December 22, 2006. That letter, which was signed by Michael Belinski, an attorney who works for Crum & Foster who are agents for US Fire, states the following as the reason for US Fire's denial of Castle's claims:

> Based on the information in U.S. Fire's possession, including the Proof of Claim forms executed and submitted on behalf of Castle, as well as information regarding the ownership and breakdown and organizational structure of Castle, it appears that Castle is majority-owned and controlled by the same individual who owns and controls South Shore, the principal of the above-referenced bonds. Therefore, based on the common ownership and control of Castle and South Shore, U.S. Fire denies the claims asserted by Castle under the above referenced bonds. A copy of the December 22, 2006 letter is attached to US Fire's Answers to Interrogatories that are attached hereto as Exhibit "A".

The December 22, 2006 letter applied to both the Burrillville and the New Bedford Projects and other than this single paragraph it provided no other information concerning US Fire's defenses to Castle's claims. US Fire's sole defense, as articulated in its answers to interrogatories, was that Castle's claims were barred by Anthony Rosciti, Jr.'s common ownership and control of both Castle and South Shore.

At no time prior to filing its Opposition to Castle's Cross-Motion for Summary Judgment did US Fire state, in detail, any other defenses. Its letters and answers to interrogatories make no reference to Castle's failure to mitigate damages or that Castle cannot demonstrate that the equipment it sold and/or rented to South Shore was used on the Earle Street Project. The facts

and issues surrounding these defenses are precisely the types of information that the discovery tools were designed to address. Castle is now faced with a situation that it is being provided information concerning defenses, which were not previously provided despite interrogatories being propounded by Castle to US Fire that sought this very information. This is all occurring after the discovery deadline has passed. Castle cannot seek further information from US Fire or any other source concerning these defenses. Castle has been prejudiced by US Fire's failure to articulate all of its defenses and the facts supporting those defenses in its answers to interrogatories because it is now precluded from seeking discovery on these issues. [2]

**Conclusion**

Castle propounded interrogatories on US Fire that sought the basis for and the facts supporting its denial of Castle's claims and its affirmative defenses. US Fire's only articulated defense in its answers to interrogatories was Anthony Rosciti, Jr.'s ownership and control of South Shore and Castle. At no time did US Fire articulate the defenses that it has now asserted in its opposition to Castle's Cross-Motion for Summary Judgment. Castle is prejudiced by US Fire's actions because the discovery deadline has passed and it no longer has the ability to conduct discovery concerning these defenses. Accordingly, for the foregoing reasons, Castle Equipment Corp. respectfully requests, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, that this

[2] Had US Fire properly identified the issues and facts in support of its defenses in its answers to interrogatories Castle would have been free to discover what information, if any, exists, whether in US Fire's possession or in another person or entities' possession, supporting or contradicting US Fire's claimed defenses. Because US Fire did not raise these issues during the discovery phase of the cases, Castle did not make additional inquiries relative to these defenses because it relied upon US Fire's answers to interrogatories that its only defense to Castle's claims was the common ownership by Anthony Rosciti.

Honorable Court strike US Fire's defenses asserted in its Opposition to Castle's Cross-Motion for Summary Judgment.

Respectfully submitted,
Plaintiff Castle Equipment
By and through his attorneys,

/s/ Christian Potter______________________
Lepizzera & Laprocina Counsellors at Law, Ltd.
Christian Potter # 5359
117 Metro Center Blvd. Suite 2001
Warwick, Rhode Island 02886
Tel: (401) 739-7397
Fax: (401) 384-6950
Email: cpotter@leplap.com

/s/ Michael Lepizzera__________________
Lepizzera & Laprocina Counsellors at Law, Ltd.
Michael Lepizzera #4995
117 Metro Center Blvd. Suite 2001
Warwick, Rhode Island 02886
Tel: (401) 739-7397
Fax: (401) 384-6950
Email: mlepizzera@leplap.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2008 this document has been filed electronically with the Court, is available for viewing and down loading from the ECF system, and has been served upon registered counsel through the ECF system and upon the following counsel by first class mail, postage prepaid:

Christopher Kunkel
McElroy Deutsch Mulvaney & Carpenter LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962

Adam R. Schwartz
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962

__/s/ Michael Lepizzera__________________